**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-327-MOC
(3:17-cr-31-MOC-DCK-1)**

| | |
|---|---|
| MAGGIE ELIZABETH SANDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Petitioner's pro se Motion to Compel Attorney to Provide Copies of Documents, (Doc. No. 4), and on Petitioner's pro se Motion to Stay, (Doc. No. 5).

First, as to Petitioner's Motion to Compel Attorney to Provide Copies of Documents, (Doc. No. 4), Petitioner seeks an order from this Court requiring Petitioner's former counsel to provide Petitioner with a copy of her plea agreement, a copy of a sentence reduction letter, and a copy of the sentencing transcript in Petitioner's case. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Thus, discovery is granted only for "good cause." Rule 6, Rules Governing § 2255 Proceedings. A petitioner must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. United States v. Roane, 378 F.3d 382, 403 (4th Cir. 2004). Here, Petitioner's conclusory allegations fail to establish good cause for post-conviction discovery. Thus, her motion will be denied.

Next, as for Petitioner's Motion to Stay, (Doc. No. 5), the motion to stay is **DENIED**, but

Petitioner may file a Motion to Amend if she wishes to amend her original motion to vacate.[1]
See 28 U.S.C. § 2255(f)(1).

**IT IS THEREFORE ORDERED** that Petitioner's pro se Motion to Compel Attorney to Provide Copies of Documents, (Doc. No. 4), and Petitioner's pro se Motion to Stay, (Doc. No. 5), are **DENIED**.

Signed: February 5, 2019

Max O. Cogburn Jr.
United States District Judge

---

[1] The Court has already granted Petitioner ninety days in which to amend her motion to vacate, and she has failed to do so. Most likely, any new claims raised at this point will be barred by the applicable one-year statute of limitations under 28 U.S.C. § 2255(f)(1).