UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00327-MOC
(3:17-cr-00031-MOC-DCK-1)

| | |
|---|---|
| MAGGIE ELIZABETH SANDERS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.      BACKGROUND**

Pro se Petitioner Maggie Elizabeth Sanders ("Petitioner") participated in a drug trafficking conspiracy that distributed drugs from Mexico in the Western District of North Carolina. [CR Doc. 26 at ¶¶ 7‒8: Presentence Investigation Report (PSR)]. Petitioner and her co-conspirator, Kevin Bell, were distributing black tar heroin from both residences in a duplex. [Id. at ¶ 9]. Petitioner resided in one of the residences and Bell in the other. [Id. at ¶¶ 9, 13]. While conducting surveillance in late April 2016 and after finding 42 grams of heroin in Bell's vehicle and 7.6 grams in his freezer, Bell told law enforcement of Petitioner's involvement in the drug trafficking organization. [Id. at ¶¶ 16, 20]. After obtaining a search warrant, officers found 107 grams of

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:18-cv-00327-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-cr-00031-MOC-DCK-1.

heroin, a narcotics ledger, digital scales, approximately $21,190 in drug proceeds, and a firearm in Petitioner's home. [Id. at ¶ 21].

Officers arrested Petitioner. She admitted to distributing heroin and receiving drug proceeds on behalf of the drug trafficking organization and forwarding these proceeds to other co-conspirators. [Id. at ¶ 22]. She also admitted to using her residence as a drug stash house and that she owned and used the firearm to protect the drugs and assets from potential robbery. [Id.]. Petitioner also admitted that she had distributed about 1,150 grams of heroin to co-conspirators for further distribution and that she had received the proceeds from those drug sales. [Id. at ¶ 23].

Four months later, law enforcement officers observed Petitioner meeting with co-conspirators and receiving drug proceeds. [Id. at ¶¶ 39, 54]. A month later, a co-conspirator told law enforcement officer that Petitioner had given him cash to obtain heroin, which he then delivered to her. [Id. at ¶ 52]. This co-conspirator identified Petitioner as the drug trafficking organization's "cell head for North Carolina." [Id. at ¶ 53]. In late November 2016, officers executed a search warrant on Petitioner's new residence in Kannapolis, North Carolina, and arrested Petitioner. [Id. at ¶¶ 59-60]. Officers found 240.5 grams of heroin and a stolen firearm. [Id.]. Petitioner again admitted her involvement in the drug trafficking organization, stating that she had continued her drug activity after her arrest the previous April. [Id. at ¶ 60]. Petitioner admitted that she had received 25 grams of heroin every other day for two to three months and that she prepared these drugs for shipment. [Id. at ¶¶ 60-62]. Petitioner also admitted that she had picked up large quantities of heroin from suppliers and that she had wired drug proceeds several times. [Id. at ¶¶ 61-63].

After negotiations with the Government, Petitioner was charged in a Bill of Information with one count of drug trafficking conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 846

(Count One) and one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count Two). [CR Doc. 1: Bill of Information]. Petitioner agreed to plead guilty to both counts pursuant to a written plea agreement. [CR Doc. 2: Plea Agreement]. The Government filed an Information setting forth Petitioner's prior conviction for felony sale of cocaine to establish a mandatory minimum sentence of ten (10) years' imprisonment pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851. [CR Doc. 11: Plea Agreement]. The plea agreement set forth the parties' agreement to jointly recommend, among other things, that an enhancement under U.S.S.G. §§ 2D1.1(b)(1) for use of a firearm was applicable. [Id. at ¶ 8(d)]. In the plea agreement, Petitioner stipulated that there was a factual basis for her guilty plea and that such factual basis may be used to determine the applicable guideline range or the appropriate sentence under 18 U.S.C. § 3553(a). [Id. at ¶ 15].

On February 9, 2017, Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 13: Acceptance and Entry of Guilty Plea]. At the plea hearing, the Magistrate Judge conducted a thorough plea colloquy in which Petitioner attested that she had spoken with her attorney regarding how the sentencing guidelines might apply to her case, that she was, in fact, guilty of the offenses to which she was pleading guilty, and that she was satisfied with the services of her attorney. [Id. at ¶¶ 13, 24, 35]. Thereafter, the Magistrate Judge determined that Petitioner's guilty plea was knowingly and voluntarily made and accepted Petitioner's plea. [Id. at 4].

Before Petitioner was sentenced, a probation officer prepared a PSR. [CR Doc. 26]. In the PSR, and in keeping with the plea agreement, the probation officer recommended application of a two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1), noting that Petitioner admitted owning a firearm that was used for protection of drugs and assets. [Id. at ¶¶ 86, 92]. The PSR also provided that, although Petitioner acted as a manager or supervisor of the drug trafficking

3

Case 3:18-cv-00327-MOC   Document 12   Filed 06/01/20   Page 3 of 12

activity under U.S.S.G. § 3B1.1(b), this enhancement was not applied pursuant to the plea agreement. [Id. at ¶ 89]. The probation officer further noted that, absent the plea agreement, a three-level enhancement based on Petitioner's role in the offense and a two-level enhancement for Petitioner's maintenance of premises for drug trafficking would have applied.[2] [Id. at ¶¶ 152-153]. The probation officer recommended a Total Offense Level (TOL) of 33 and Criminal History Category of I, yielding a guideline range of imprisonment of 135 to 168 months. [Id. at ¶ 150].

Petitioner was sentenced on June 20, 2017. At the sentencing hearing, the Court adopted the magistrate judge's findings that Petitioner's guilty plea was knowingly and voluntarily made and found that there was a factual basis to support Petitioner's plea. [CR Doc. 48 at 4-5: Sentencing Tr.]. The Court ruled, after hearing the arguments of counsel, that the firearm enhancement applied under the facts presented. [Id. at 6-8].

The Government sought application of a leadership role enhancement and moved for a one-level downward departure under U.S.S.G. § 5K1.1 based on Petitioner's cooperation with law enforcement. [Id. at 33; see CR Doc. 43 at 2: Statement of Reasons]. The parties argued extensively on these issues. [See CR Doc. 48 at 8-33]. The Court recognized that the plea agreement did not foreclose application of a significant enhancement based on Petitioner's role in the offense. [See id. at 24]. The Court decided, however, not to apply this enhancement and to award Petitioner only a one-level reduction under § 5K1.1, reducing her TOL to 32. [Id. at 24, 28-32, 59]. The Court then found that, with a TOL of 32 and a Criminal History Category of I, the applicable guidelines range was a term of imprisonment of 121 to 151 months. [See id. at 59; CR Doc. 43 at 2]. The Court sentenced Petitioner to a term of imprisonment of 132 months on each Count, with the sentences to run concurrently, for a total term of imprisonment of 132 months.

---

[2] These enhancements, if applied, would have resulted in a TOL of 38 and a guidelines range of 235 to 293 months' imprisonment. [CR Doc. 26 at ¶ 154].

4

[CR Doc. 42 at 2].  In sentencing Petitioner, the Court noted that Petitioner has a history of substance abuse and recommended that she be allowed to participate in any available substance abuse treatment programs and, if eligible, to receive the benefit of 18 U.S.C. § 3621(e)(2).  [CR Doc. 48 at 61; see CR Doc. 42 at 2].  The Court advised Petitioner of her right to appeal, the deadline for doing so, and that she could appeal at no costs.  [CR Doc. 48 at 64].  Judgment on Petitioner's conviction was entered on June 27, 2017.  [CR Doc. 42].

Petitioner did not appeal.  Petitioner timely filed the present motion to vacate in June 2018.  Petitioner argues that her counsel was ineffective for four reasons: (1) her counsel failed to file an appeal;[3] (2) her counsel failed to argue that Petitioner be able to participate in substance abuse treatment programs while incarcerated; (3) her counsel failed to argue that the Government did not "sustain its burden of proving Petitioner was guilty beyond a reasonable doubt;" and (4) her counsel failed "to argue the (SOC) Specific Offense Characteristic Crime of Violence Enhancement."  [CV Doc. 1 at 4-8].  Soon thereafter, Petitioner filed a letter with the Court stating that another inmate had prepared Petitioner's motion to vacate and that this other inmate "[had] no idea what she [was] doing."  [CV Doc. 2].  Petitioner advised the Court that her motion included arguments that Petitioner did not intend to assert.  [Id.].  Petitioner further advised the Court that she only intended to assert a claim based on not having received a 33% sentence reduction that "the prosecutor promised" in exchange for Petitioner's cooperation and the information she provided.  [Id.].  Petitioner requested that she be allowed to amend her motion to state only this claim and to provide additional evidence and argument in support thereof.  [Id.].  The Court granted Plaintiff's motion, allowing Plaintiff ninety (90) days to file an amended motion.  [CV Doc. 3].

---

[3] In the "Supporting facts" provided with this ground for relief, Petitioner wrote: "Petitioner's opportunity to argue the signing of an agreement for a 5K1. Substantial assistance. Petitioner signed for a 33% reduction of her sentence in which she did not receive the full benefit for which she signed." [CV Doc. 1 at 4].

Thereafter, Plaintiff requested and was granted an additional extension of time to amend her motion. [CV Docs. 8, 9]. After the expiration of Plaintiff's extended deadline to file an amended motion without response from Plaintiff, the Court ordered the Government to respond to Plaintiff's original motion to vacate. [CV Doc. 10]. The Government timely responded. [CV Doc. 11].

This matter is now ripe for adjudication.

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364,

6

Case 3:18-cv-00327-MOC   Document 12   Filed 06/01/20   Page 6 of 12

369 (1993)).  Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008).  If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  In evaluating claims under § 2255, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  "[C]ourts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 216, 221-22 (4th Cir. 2005).  Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss … any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

When a defendant pleads guilty, she waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010).  Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea. See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992); accord United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997); Wilson v. United

7

Case 3:18-cv-00327-MOC   Document 12   Filed 06/01/20   Page 7 of 12

States, 962 F.2d 996, 997 (11th Cir. 1992); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

When the ineffective assistance claim relates to a sentencing issue, the petitioner must demonstrate a "'reasonable probability' that her sentence would have been more lenient" but for counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Ci1r. 1999) (quoting Strickland, 466 U.S. at 694)). If the petitioner fails to meet this burden, the "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Finally, where an ineffective assistance claim relates to a petitioner's right of appeal, counsel has a duty to consult with a defendant about an appeal where "a rational defendant would want to appeal" or where the "defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 479-80 (2000). In determining whether counsel had a duty to consult, the Court considers whether the conviction followed a guilty plea, which limits the appealable issues and can show a defendant's desire to end judicial proceedings; whether the defendant as sentenced in accordance with his plea; and whether are grounds to appeal were reserved. Id. at 480. Where a defendant specifically instructs an attorney to file a timely notice of appeal, the attorney's failure to file the appeal is per se ineffective assistance of counsel. United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000). However, the request to file an appeal must be unequivocal to constitutes deficient performance. United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007).

8

Case 3:18-cv-00327-MOC   Document 12   Filed 06/01/20   Page 8 of 12

### A. Failure to Appeal[4]

Plaintiff's claim on this ground fails. Petitioner does not allege that she unequivocally instructed her counsel to file an appeal. Rather, she asserts that her attorney should have filed an appeal regardless of whether she requested one. [CV Doc. 1 at 4]. Petitioner further argues that her attorney should have filed an Anders brief, even if she did not ask her attorney to appeal. [Id.]. This is insufficient to establish an unequivocal request and per se ineffective assistance. Poindexter, 492 F.3d at 269.

Further, as to Petitioner's attorney's duty to consult regarding an appeal, Petitioner has failed to show deficient performance. Petitioner contends that "she did not understand fully the instructions of filing an appeal." [Id. at 16]. This does not establish a failure to consult. Even if Petitioner's attorney did not consult with her regarding an appeal, Petitioner has failed to show such failure constituted constitutionally deficient representation under the circumstances of Petitioner's plea and sentence. There is no evidence that a rational defendant would have wanted to appeal the sentence Petitioner received. See Flores-Ortega, 528 U.S. at 479-80.

In sum, to the extent Petitioner sought to maintain her claim of ineffective assistance based on the failure to appeal, this claim is without merit.

### B. Departure for Substantial Assistance

Although not asserted as a separate claim, Petitioner contends that she was denied the opportunity "to argue the signing of an agreement for a 5K1. Substantial assistance." [CV Doc. 1

---

[4] Although Petitioner advised the Court of her intention to withdraw this claim (and that the inmate who prepared her motion to vacate "[had] known idea what she [was] doing"), the Court addresses it for the sake of a complete record and because Petitioner failed to file an amended motion removing this claim.

9

at 4]. Petitioner claims that she "signed for a 33% reduction of her sentence in which she did not receive the full benefit for which she signed."[5]  [Id.].

To the extent that Petitioner purports to directly challenge her sentence, this challenge is barred by the waiver in her plea agreement, [CR Doc. 2 at ¶¶ 19-20], and is procedurally barred, see Bousley v. United States, 523 U.S. 614, 621-22 (1998).  Furthermore, these allegations are conclusory and without merit.  See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013). There is no evidence that there was a binding agreement to a 33% reduction in sentence based on Petitioner's substantial assistance.  Rather, the plea agreement provides that the Government had the discretion to determine whether Petitioner provided substantial assistance and whether to file a 5K motion.  Petitioner's attorney had no duty to make a 5K motion.  This motion is made by the Government and had already been filed with the Court.  [CR Doc. 37].  As such, Petitioner has not shown deficient performance and cannot show prejudice where the Court granted a downward departure as more fully set forth above.  See United State v. Rorie, 319 F. App'x 247, 248 (4th Cir. 2009) (holding "mere dissatisfaction with the extent of a district court's downward departure does not provide a basis for appeal") (quoting United States v. Hill, 70 F.3d 321, 324 (4th Cir. 1995)).  There is simply no reasonable probability that Petitioner would have received a lower sentence had Petitioner's counsel argued facts of which the Court was already aware.  See Royal, 188 F.3d at 249.

In sum, this claim should be denied for Petitioner's failure to show that his counsel's performance was deficient or that Petitioner was prejudiced by counsel's conduct at sentencing. See Strickland, 466 U.S. at 687-88; Royal, 188 F.3d at 249.

---

[5] Although Petitioner requested multiple extensions of time to amend her motion to vacate to clarify and develop this ground for relief, Petitioner never filed an amended motion.

10

Case 3:18-cv-00327-MOC    Document 12    Filed 06/01/20    Page 10 of 12

### C. Petitioner's Other Grounds for Relief

Although Petitioner advised the Court that she did not intend to bring her remaining claims, the Court has reviewed them and independently finds them to be without merit. Namely, Plaintiff has not and cannot show ineffective assistance of counsel for her counsel's alleged failure to argue that Petitioner have access to substance abuse treatment while in custody, to argue that the Government did not present sufficient evidence to prove Petitioner's guilt beyond a reasonable doubt, and to argue against the firearm enhancement. The Court recommended that Petitioner have access to substance abuse treatment and the benefits of 18 U.S.C. § 3621(e), if eligible. Petitioner knowingly and voluntarily pleaded guilty to the offenses of which she was convicted, admitted to, in fact, being guilty of those offenses, and agreed that there was a factual basis for her guilty plea. The Government bore no burden of proving Petitioner's guilt under these circumstances. And, finally, Petitioner agreed to the application of the firearm enhancement in the plea agreement and the Court decided that the facts supported its application, after arguments of counsel.

In sum, these grounds for relief are without merit. Petitioner has shown neither deficient performance nor prejudice. These claims will be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: June 1, 2020

Max O. Cogburn Jr.
United States District Judge